|2FOGG, Judge.
Following an injury to his back, claimant instituted this action for disability benefits, penalties and attorney’s fees under the Louisiana Worker’s Compensation Law, LSA-R.S. 23:1021 et seq. Named as defendants were his employer, Reagent Chemical & Research, Inc., and its compensation insurer, Aetna Casualty & Surety Company. After hearing the matter, the hearing officer rendered judgment in favor of the defendant and against the claimant, dismissing the claim with prejudice. We affirm.
On December 29, 1989, Wilfred Bourgeois fell off a truck while in the course and scope of his employment as a truck driver for Reagent Chemical & Research, Inc. At the time of the fall he experienced temporary numbness in his right leg. Three days after the accident he visited Dr. Narra, a general practitioner, who treated the injury conservatively and then referred him to Dr. Allen Johnston, an orthopedist. On January 11, 1990, after examining Mr. Bourgeois, Dr. Johnston opined that he was suffering from a disc herniation at L4-5 and recommended conservative treatment. Approximately one month later, Dr. Johnston found that Mr. Bourgeois continued to have low back pain which radiated into his right leg. He recommended that plaintiff obtain a second opinion from Dr. Nicholson “to see if there is [sic] any further reasons, other than a soft tissue injury to cause Mr. Bourgeois’ complaint.” Dr. Nicholson opined that Mr. Bourgeois was suffering from low back pain, sciatica and lumbar disc disease and that he might benefit from epidural steroid injections.
Upon Dr. Narra’s referral, Dr. Michael P. Dulligan, an orthopedic surgeon, examined plaintiff on March 10, 1990. Dr. Dulligan ordered a myelogram and post-myelogram CT which revealed a fragmented disc at L5-Sl. Dr. Dulligan diagnosed plaintiffs condition as a herniated disc at L5-S1 and discussed surgery with the plaintiff. After acquiring a second opinion from Dr. Thomas Perone, the plaintiff proceeded to surgery. Dr. Dulligan performed a lumbar laminecto-my with disc excision of L5-S1 on March 26, 1990 and discharged Mr. Bourgeois from the hospital on March 29, 1990. | gThereafter, Mr. Bourgeois underwent rehabilitation.
Mr. Bourgeois received worker’s compensation benefits in the sum of $276 per week from the time of the injury through November 12, 1990; thereafter, his weekly compensation benefits were terminated. On February 18, 1991, Mr. Bourgeois filed an action for compensation with the Office of Worker’s Compensation seeking additional weekly benefits and penalties, interest and attorney’s fees. From the dismissal of his action, Mr. Bourgeois appeals.
On appeal, Mr. Bourgeois contends the hearing officer erred in finding that he failed to sustain his burden of proving that he was temporarily totally disabled after November 12, 1990. Specifically, he asserts that the hearing officer misinterpreted the testimony of Dr. Perone and, based on that misreading, erroneously concluded that “the claimant could be a productive worker, granting that he could not return to his truck driving job.”
In proving an injury producing temporary total disability benefits the plaintiff must prove his inability to engage in any self-employment or gainful occupation for wages, whether or not it is the same or similar to that in which he was customarily engaged when injured. LSA-R.S. 23:1221(1). The plaintiff has the burden of establishing his claim to a legal certainty and by a reasonable preponderance of the evidence. Tanner v. International Maintenance Corporation, 602 So.2d 1133 (La.App. 1st Cir.1992).
In the instant case, the plaintiff testified that persistent pain prevents him from working. Two other lay witnesses called by the plaintiff testified that plaintiffs activities are very limited due to pain. However, the testimony of Drs. Dulligan and Perone reveal that plaintiffs test results have improved to acceptable levels since the surgery, and neither specialist found any objective findings for any pain plaintiff claims to continue to experience. Additionally, both doctors stated that plaintiff could return to work.
With respect to plaintiffs specific assertion that the hearing officer misinterpreted the testimony of Dr. Perone he | refers this court to the following testimony of Dr. Perone:
*714 Q. Without that, do you think, from what you have seen of Mr. Bourgeois, that he could be a productive worker or, for that matter, that he could, with his complaint of pain that he is having now—
A. Yes, sir, I think he could be a productive worker, but I think it would be in a less strenuous type of occupation than what he could do if he were [sic] rehabilitated first.
Q. What normally would a person who has undergone the type of operation that Mr. Bourgeois did undergo, what normally would you say would be the bodily impairment or disability, if would there by [sic] one, or is there such a thing as a—
A. With a lumbar disk herniation?
Q. Yes.
A. I think it ranges from eight to ten percent of the whole body.
Q. So you wouldn’t have any doubt then he would be laboring under some type of disability, not a total disability, but he would have some disability?
A. He has some disability, yes, sir.
The claimant asserts that the above statement indicates that as of December 3, 1991, Mr. Bourgeois continued to be disabled, required rehabilitation and, consequently, should have been retained on benefits. We disagree with the claimant’s interpretation of this testimony. Clearly, the testimony indicates that Mr. Bourgeois can now perform work that is less strenuous than his prior employment and with further rehabilitation he could perform heavier employment. Therefore, the hearing officer did not misread the testimony.
Factual findings of the trial court with respect to a determination of disability are entitled to great weight and cannot be disturbed except upon a showing of manifest error. Durbin v. State Farm Fire and Casualty Company, 558 So.2d 1257 (La.App. 1st Cir.1990). The testimony of Dr. Perone, as well as the other evidence in the record, supports the hearing officer’s conclusion that the claimant has not carried his burden of proving that he is totally, temporarily disabled. Therefore, we conclude that the hearing officer was not clearly wrong in finding that Mr. Bourgeois was not totally temporarily disabled after November 12, 1990.
15Although the appellee is prevailing in this matter, we are greatly concerned about the failure of counsel for the appellee to comply with the rules of this court. Specifically, the appellee’s brief states:
Claimant asserts that his injury hinders his daily activity; however, he admits to cutting his grass, ostensibly to test the lawn mower. He stated that he could no longer ride his horses; however, once the videotape of him riding his horse came to light, he now claims that he rode on only one occasion — coincidentally at the time he was videotaped.
The videotape referred by the appellee was not part of the record on appeal. This reference to the videotape, not included in the record, was improper and in violation of Rule 2-12.4 of the Uniform Rules of the Louisiana Courts of Appeal. Whether to impose sanctions under this rule is within the discretion of this court. Because it is counsel’s first violation, we simply reprimand her at this time. In the future, such failure to comply with the rules of this court will result in the imposition of sanctions.
For the foregoing reasons, the judgment of the Office of Worker’s Compensation is affirmed. Costs are assessed against appellant, Wilfred Bourgeois.
AFFIRMED.